IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL RAY SHAFTNER | § | |
| Petitioner, | § | |
| VS. | § | NO. 3-07-CV-1748-L |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Darryl Ray Shaftner, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2002, petitioner was released to mandatory supervision after serving 14 years of a 40-year sentence for murder. Three years later, his mandatory supervised release was revoked for an unspecified violation. Upon returning to TDCJ custody in August 2005, petitioner forfeited previously earned good time credits and was denied credit on his sentence for the time he was on supervision. Petitioner challenged the forfeiture of good time credits and the denial of street time credits through the prison dispute resolution process and in an application for state post-conviction relief. Both his request for administrative review and his state writ were denied. Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) the parole board violated his right to due process by forfeiting good time credits before his revocation hearing; (2) he is entitled to credit on his sentence for the time spent on mandatory supervision; and (3) his certificate of mandatory supervision was signed under duress.

On December 18, 2007, respondent filed a preliminary response suggesting that this case is barred by limitations. Petitioner addressed the limitations issue in a reply filed on January 15, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the forfeiture of previously earned good time credits and the denial of street time credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Brown v. Quarterman*, No. 3-06-CV-2218-M, 2007 WL 752153 at *1 (N.D. Tex. Mar. 13, 2007) (citing cases), *COA denied*, No. 07-10370 (5th Cir. Dec. 21, 2007). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.*, *citing* 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Id.*, *citing Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was released from TDCJ-ID custody to mandatory supervision in 2002. The certificate of mandatory supervision, signed by petitioner on February 5, 2003, advises that if a violator's warrant or summons is issued, "the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued." (Resp. Prelim. Ans., Exh. B-6). Therefore, petitioner either knew or should have been aware of the factual basis of his sentence credit claim when his mandatory supervised release was revoked on September 16, 2005. *See Brown*, 2007 WL 752153 at *2. Petitioner challenged the forfeiture of his good time credits and the denial of street time credits in a request for administrative review filed under Tex. Gov't Code Ann. § 501.0081[1] and in an application for state post-conviction relief. Petitioner states that his request for administrative review was filed on October 1, 2006 and denied on May 31, 2007. (*See* Pet. Reply at 12 & Pet. Mem. Br., Exh. D). His state writ was filed on May 3, 2007 and denied on August 15, 2007. *Ex*

---

[1] Section 501.0081 provides, in pertinent part:

> (a) The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge[.]

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

*parte Shaftner*, WR-22,034-02 (Tex. Crim. App. Aug. 15, 2007). Petitioner filed this action in federal court on October 16, 2007.

At the very latest, the AEDPA statute of limitations started to run on September 16, 2005--the date petitioner's mandatory supervised release was revoked. Yet petitioner waited more than one year to raise his sentence credit claims in a request for administrative review or in a state writ of habeas corpus. In an attempt to excuse this delay, petitioner argues that he did not receive a package from the parole board advising that his mandatory supervised release had been revoked until October 29, 2005. (*See* Pet. Reply at 7). Even if the limitations clock did not start until petitioner received this package from the parole board, his federal writ is untimely. Petitioner waited 337 days, from October 29, 2005 until October 1, 2006, to file a request for administrative review of his sentence credit claims,[2] and waited another 62 days, from August 15, 2007 until October 16, 2007, to file a federal writ after his state writ was denied. This makes his federal writ untimely by 34 days.

Petitioner also seeks equitable tolling because of the "illegal procedures of TDCJ" resulting in the forfeiture of good time and the denial of street time credits. (*See* Pet. Reply at 6). This argument is nothing more than a rehash of the claims asserted by petitioner in his federal writ. "Equitable tolling is not permitted merely because petitioner believes he is entitled to relief." *Stevenson v. Quarterman*, No. 3-07-CV-0846-G, 2007 WL 1989596 at *2 (N.D. Tex. Jul. 10, 2007) (citing cases). Without a sufficient basis for tolling the AEDPA statute of limitations, this case should be dismissed on limitations grounds.

---

[2] Petitioner correctly argues that a properly filed request for administrative review tolls the AEDPA statute of limitations. *See Hunter v. Quarterman*, No. 4-06-CV-0342-A, 2006 WL 2914162 at *2 (N.D. Tex. Oct. 11, 2006), *citing Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE