IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARRYL RAY SHAFTNER** **TDCJ # 480770**, | § § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. **3:07-CV-1748-L** |
| | § | |
| **NATHANIEL QUARTERMAN**, Director, **Texas Department of Criminal Justice**, **Correctional Institutions Division**, | § § § § | |
| Respondent. | § § | |

## ORDER

Before the court is Shaftner's Petition for Writ of Habeas Corpus, filed October 16, 2007. Pursuant to Special Order 3-251, the petition was referred to United States Magistrate Judge Jeff Kaplan, on October 16, 2007. On January 23, 2008, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. Respondent filed objections to the Report on January 31, 2008, and Petitioner filed objections to the Report on February 5, 2008.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254 in which Petitioner contends that Respondent impermissibly denied him credit for good time and for the time he served on mandatory supervised release. Magistrate Judge Kaplan found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996. This conclusion was based on his finding that the statute of limitations began to run when Petitioner's mandatory supervised release was revoked on September 16, 2005. The magistrate judge also concluded that the petition was barred by the one-year statute of limitations based alternative findings that the

Order – Page 1

statute of limitations began to run on October 29, 2005 (the date Petitioner contends that he knew or should have known of the factual predicate of his claim) and that the limitations period was tolled during the pendency of the Petitioner's request for administrative review of his sentence credit claims. The magistrate judge further concluded that Petitioner was not entitled to equitable tolling because his tolling argument was merely a reassertion of the claims asserted in his petition for which he believed that he was entitled to relief.

Petitioner objects to the magistrate judge's finding that the statute of limitations began to run on September 16, 2005. Petitioner contends that although his mandatory supervised release was revoked on that date, he was not informed of the revocation until he received the revocation documents via inter-agency truck mail on October 29, 2005. Petitioner offers no evidence to support his contention. After reviewing the record, the court determines that the statute of limitations began to run on September 16, 2005. Therefore, the court **overrules** this objection.

Based on the foregoing, the court agrees with the magistrate judge that the petition was barred by the one-year statute of limitations and does not reach the magistrate judge's alternative basis for reaching the same conclusion. Because Petitioner's remaining objections are directed at the magistrate judge's alternative basis for his recommendation, the court **overrules** these objections as moot. Likewise, all of Respondent's objections are directed at the magistrate judge's alternative basis for concluding the petition was barred by the one-year statute of limitations. Accordingly, the court **overrules** these objections as moot.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct with respect to the findings that the statute of limitations began to run when Petitioner's mandatory supervised release was revoked on September

16, 2005, that the petition is barred by the one-year statute of limitations, and that Petitioner is not entitled to equitable tolling, and these findings and conclusions are therefore **accepted** as those of the court. In light of this ruling, the court finds it unnecessary to address the remainder of the magistrate judge's findings. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

      **It is so ordered** this 29th day of February, 2008.

                                            Sam A. Lindsay
                                            United States District Judge